

Al responder cite este número
MJD-OFI21-0014792-GEX-1100

Bogotá D.C., 28 de abril de 2021

Doctora
**ALEJANDRA VALENCIA GARTNER**
Directora de Asuntos Jurídicos Internacionales
CANCILLERÍA DE COLOMBIA
Calle 10 No. 5 - 51 Palacio de San Carlos
extradiciones.cancilleria@cancilleria.gov.co
Bogotá, D.C.



Contraseña:eaQnTiLu3T

Asunto: Trámite de extradición de José Gabriel Álvarez Ortiz

Estimada doctora Valencia:

De manera respetuosa le comunico que el Gobierno Nacional, mediante Resolución Ejecutiva N° 056 del 29 de marzo de 2021, decisión que se encuentra en firme, concedió, al Gobierno de los Estados Unidos de América, la extradición del ciudadano colombiano José Gabriel Álvarez Ortiz, en los siguientes términos:

*"**ARTÍCULO PRIMERO: Conceder la extradición** del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identificado con la cédula de ciudadanía No. 1.091.675.404, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, **únicamente por el Cargo Tres** (Fabricación y posesión con la intención de distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos y colaborando e instigando ese delito) referido en la acusación del caso No. 20 CR 091 (también referido como Caso 4:20.cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5, y Caso No. 4:20-cr-00091-6) dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.*

***ARTÍCULO SEGUNDO: Negar la extradición** del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, por los cargos **Uno** (Fabricación, distribución y posesión con la intención de distribuir cinco kilogramos o más de cocaína a sabiendas y con la intención de proveer directa e indirectamente, cualquier cosa de valor pecuniario para cualquier persona y organización que ha participado y participa en actividades terroristas y terrorismo) y **Dos** (Concierto para distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento y teniendo causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos), mencionados en la acusación del caso No. 20 CR 091 (también referido como Caso 4:20.cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5, y Caso No. 4:20-cr-00091-6) dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, teniendo en cuenta que para estos dos cargos, la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable para la extradición.*

GOVERNMENT
EXHIBIT
4:20-cr-0091

1



**ARTÍCULO TERCERO: Ordenar la entrega** del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado por hechos anteriores y distintos a los cometidos a partir del 1º de febrero de 2019 referidos en el Cargo Tres, por el que se emitió concepto favorable y se autoriza la extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997…".

De acuerdo con lo anterior, atentamente le remito copia del mencionado acto administrativo con el objeto de que se informe al país requirente que el Gobierno Nacional concedió la extradición de José Gabriel Álvarez Ortiz, pero que **aún no se ha puesto a su disposición para el traslado** porque la entrega quedó condicionada al ofrecimiento de unas garantías.

Bajo ese entendido, le solicito comunicar al país requirente que, **a la mayor brevedad posible, debe ofrecer un compromiso formal**, por la vía diplomática, sobre el cumplimiento de los condicionamientos impuestos por el Gobierno Nacional y se garantice lo dispuesto en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, este Ministerio remitirá a la Fiscalía General de la Nación copia del respectivo acto administrativo y de las garantías ofrecidas con el fin de que dicha Entidad proceda a la puesta a disposición del Estado requirente de la persona reclamada.

Cordialmente,



**NICOLÁS MURGUEITIO SICARD**
Director de Asuntos Internacionales

Anexo lo relacionado en 12 folios

Elaboró: MUP [NIE-21- 1063]
Revisó Coordinadora Grupo de extradiciones CBP
Aprobó:DAI

http://vuv.minjusticia.gov.co/Publico/FindIndexWeb?rad=yjCBwbqWcV76YlGnZbdeebCUYHzh6zvczpkHnTtbcZg%3D&cod=jxxfy58sbOHObGHJjO1xfw%3D%3D

REPÚBLICA DE COLOMBIA



MINISTERIO DE JUSTICIA Y DEL DERECHO

RESOLUCIÓN NÚMERO 056 DE

**29 MAR 2021**

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

**CONSIDERANDO:**

1. Que mediante Nota Verbal No. 0569 del 8 de mayo de 2020, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, requerido para comparecer a juicio por delitos de tráfico de drogas ilícitas.

2. Que, en atención a dicha solicitud, el Fiscal General de la Nación, mediante Resolución del 12 de mayo de 2020, decretó la captura con fines de extradición del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identificado con la cédula de ciudadanía No. 1.091.675.404, la cual se hizo efectiva el 18 de septiembre de 2020, por miembros de la Dirección de Investigación Criminal e Interpol de la Policía Nacional.

3. Que mediante Nota Verbal No. 1840 del 13 de noviembre de 2020, la Embajada de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**.

En dicha Nota se informa que este ciudadano es el sujeto de la acusación en el caso No. 20 CR 091 (también referido como Caso 4:20.cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5, y Caso No. 4:20-cr-00091-6) dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, según se describe a continuación:

*"ACUSACIÓN FORMAL*

*EL GRAN JURADO ACUSA DE LO SIGUIENTE:*

Hoja No. 2 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

### CARGO UNO
*(Narcoterrorismo)*

Al menos ya desde enero de 2000, siendo la fecha exacta desconocida para el Gran Jurado, y siguiendo después hasta que se dictó la acusación formal, los acusados

(...)
y
**JOSÉ GABRIEL ÁLVAREZ ORTÍZ,**
alias "Alex",

y otras personas desconocidas para el Gran Jurado y no imputadas por el presente documento, participaron e intentaron participar, a sabiendas y de forma intencionada, en una conducta que afecta al comercio interestatal e internacional y eso sería punible según la sección 841(a) del Título 21 del Código de los Estados Unidos, si se cometió dentro de la jurisdicción de los Estados Unidos, es decir, fabricar, distribuir y poseer con intención de distribuir, a sabiendas y de forma intencionada, 5 kilogramos o más de una mezcla y sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la Categoría II; sabiendo e intentando proporcionar, directa o indirectamente, un valor pecuniario a cualquier persona y organización que haya participado o participe en actividades terroristas o terrorismo, específicamente el Ejército de Liberación Nacional (ELN), teniendo conocimientos de que dichas personas y organizaciones han participado y participan en actividades terroristas y terrorismo, todo ello en contravención de las secciones 960a, 841(a)(1), 841(b)(1)(A)(I)(ii) del Título 21 del Código de los Estados Unidos y la sección 2 del Título 18 del Código de los Estados Unidos.

### CARGO DOS
*(Asociación delictuosa de distribución internacional de cocaína)*

Al menos ya desde enero de 2000, siendo la fecha exacta desconocida para el Gran Jurado, y siguiendo después hasta que se dictó la acusación formal, en Colombia, dentro de la jurisdicción extraterritorial de los Estados Unidos, los acusados

(...)
y
**JOSÉ GABRIEL ÁLVAREZ ORTÍZ,**
alias "Alex",

a sabiendas y de forma intencionada, se unieron en una asociación delictuosa y acordaron juntos y con otras personas conocidas y desconocidas para el Gran Jurado fabricar, distribuir y poseer con intención de distribuir y distribuir 5 kilogramos o más de una mezcla y sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la Categoría II; con la intención o a sabiendas de importarla ilegalmente en los Estados Unidos o teniendo una causa razonable o de creer que dicha sustancia sería importada ilegalmente.

En contravención de las Secciones 963, 959(a), 960(a)(3) y 960(b)(1)(B) del Título 21 del Código de los Estados Unidos.

Hoja No. 3 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

### CARGO TRES
*(Distribución internacional de cocaína)*

Hacia el 1º de febrero de 2019, y siguiendo hasta aproximadamente el 22 de marzo de 2019, en Colombia y dentro de la jurisdicción extraterritorial de los Estados Unidos, los acusados

*(...)*
*y*
**JOSÉ GABRIEL ÁLVAREZ ORTÍZ**,
alias "Alex",

a sabiendas y de forma intencionada, fabricaron, tuvieron en propiedad con la intención de distribuir y distribuyeron una sustancia controlada, con la intención o a sabiendas de importar dicha sustancia ilegalmente en los Estados Unidos o teniendo una causa razonable de creer que dicha sustancia sería importada ilegalmente. Dicha sustancia controlada incluía más de 5 kilogramos, es decir, aproximadamente 30 kilogramos de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la Categoría II.

En contravención de las secciones 959(a), 960(a)(3) y 960(b)(1)(B) del Título 21 del Código de los Estados Unidos y la sección 2 del Título 18 del Código de los Estados Unidos..."

Adicionalmente, el país requirente, en la Nota Verbal No. 1840 del 13 de noviembre de 2020, señaló:

"El 13 de febrero de 2020, con base en los cargos de la Acusación, la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas emitió un auto de detención para la captura de ÁLVAREZ ORTIZ. Dicho auto de detención permanece válido y ejecutable."

*(...)*

Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997..."

**4.** Que luego de formalizada la solicitud de extradición del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio S- DIAJI-20-023953 del 13 de noviembre de 2020, conceptuó:

"Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a las convenciones de las cuales son parte la República de Colombia y los Estados Unidos de América.

Hoja No. 4 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

Una vez revisado el archivo de tratados de este Ministerio, es del caso destacar que se encuentran vigentes para las Partes, las siguientes convenciones multilaterales en materia de cooperación judicial mutua:

- La *'Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas'*, suscrita en Viena el 20 de diciembre de 1988[1]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:

> '4. Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.
>
> 5. La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.'

- La *'Convención de las Naciones Unidas contra la Delincuencia Organizada Transnacional'*, adoptada en New York, el 27 de noviembre de 2000[2], que en su artículo 16, numerales 6 y 7, prevé lo siguiente:

> '6. Los Estados Parte que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellos.
>
> 7. La extradición estará sujeta a las condiciones previstas en el derecho interno del Estado Parte requerido o en los tratados de extradición aplicables, incluidas, entre otras, las relativas al requisito de una pena mínima para la extradición y a los motivos por los que el Estado Parte requerido puede denegar la extradición.'

De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, los aspectos no regulados por las convenciones aludidas, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano...".

5. Que perfeccionado así el expediente de extradición del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, el Ministerio de Justicia y del Derecho, mediante oficio No.MJD-OFI20-0038779-DAI-1100 del 23 de noviembre de 2020, lo remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia para el concepto correspondiente.

6. Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante pronunciamiento del 24 de marzo de 2021[3], emitió **concepto favorable** a la extradición del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ, únicamente por el Cargo Tres** imputado en la acusación del caso No. 20 CR 091 dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, y **desfavorable** respecto de los **Cargos Uno y Dos**, imputados en la misma acusación, bajo la consideración de que no

---

[1] Artículo 3° numeral 1° literal a.
[2] Artículo 3, párrafo 1, apartados a) o b).
[3] Expediente radicado en el Ministerio de Justicia y del Derecho el 25 de marzo de 2021.

Hoja No. 5 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

se precisó en ellos si el mencionado ciudadano fue requerido por la comisión de conductas punibles como menor o como mayor de edad y, en estricto acatamiento de las normas contenidas en la Constitución Política y en los tratados internacionales de derechos humanos ratificados por Colombia, en los que la minoría de edad se erige como causal de improcedencia de la extradición.

Así lo precisó la H. Corporación:

> "No obstante, la Corte debe hacer las siguientes consideraciones en relación con los cargos Uno y Dos de la acusación emitida por la Corte del Distrito Sur de Texas contra JOSÉ GABRIEL ÁLVAREZ ORTIZ:
>
> **3.4.1.** Las Notas Verbales que fundamentan el pedido de extradición informan que el solicitado, JOSÉ GABRIEL ÁLVAREZ ORTIZ, nació 'el 23 de julio de 1994'. Así consta también en el informe decadactilar expedido por la Registraduría Nacional del Estado Civil, que fue aportado por la autoridad requirente.
>
> De aquellos documentos se deduce que, para la fecha a partir de la cual se reprocha la presunta participación de ÁLVAREZ ORTIZ en las conductas punibles enlistadas en los cargos Uno y Dos de la acusación, esto es, 'al menos ya desde enero de 2000', el reclamado tenía apenas cinco (5) años de edad.
>
> La delimitación de la época en la que ÁLVAREZ ORTIZ participó en las conductas descritas en los cargos Uno y Dos resulta de trascendencia para el sentido del concepto, porque una eventual intervención del reclamado en tales actos, antes del 23 de julio de 2012 – fecha en que alcanzó la mayoría de edad – conlleva la emisión de uno de carácter negativo, en tanto, como se verá, la minoría de edad del requerido en extradición se erige, para el caso concreto, en causal de improcedencia de la extradición:
>
> (…)
>
> La aplicación de esta normatividad especial es obligatoria en todos los casos donde el delito sea cometido por un menor de edad, independientemente de que, como se dijo, durante la investigación y/o el juzgamiento **el infractor adquiera la mayoría de edad**.
>
> (…)
>
> iv) Según la declaración jurada que para el caso rindió el Fiscal Auxiliar de los Estados Unidos para el Distrito Sur de Texas, Casey N. MacDonald, JOSÉ GABRIEL ÁLVAREZ ORTIZ fue acusado por el Gran Jurado de la Corte Distrital de Texas que, igualmente, libró orden de aprehensión en su contra, para que comparezca ante ese Alto Tribunal para ser juzgado por los comportamientos plasmados en los tres cargos objeto de extradición.

Hoja No. 6 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

-------------------------------------------------------------------------------------

Informa también ese funcionario, que ÁLVAREZ ORTIZ fue acusado, en los cargos Uno y Dos del indictment por 'delitos continuos que se produjeron presuntamente entre enero de 2000 y el 12 de febrero de 2020' y que comportan como pena máxima la de 'cadena perpetua... y libertad supervisada de por vida'.

En otras palabras, de concederse la extradición de JOSÉ GABRIEL ÁLVAREZ ORTIZ, será juzgado por la Corte del Distrito Sur de Texas como persona mayor de edad.

v) Frente a las conductas atribuidas a JOSÉ GABRIEL ÁLVAREZ ORTIZ en los cargos Uno[4] y Dos[5] del indictment, la información aportada por la autoridad reclamante fija la comisión de los comportamientos en un marco temporal que podría incluir su participación en los hechos materia de extradición, de los cinco a los trece años de edad (del año 2000 hasta 2008)[6], sin embargo, a la luz del art. 142 de la Ley 1098 de 2006, no puede ser juzgado ni, mucho menos, declarado penalmente responsable por los sucesos que hayan ocurrido en aquella época.

De igual manera, la delimitación de la acusación foránea de la manera en que fue presentada en la solicitud de extradición, también implica la posibilidad de que por las conductas punibles que pudiese cometer ÁLVAREZ ORTIZ entre los catorce (14) y hasta antes de cumplir los dieciocho (18) años (del año 2008 al 22 de julio de 2012) se le juzgue en los Estados Unidos como adulto y sea, posiblemente, condenado a penas de prisión perpetua o libertad supervisada[7].

Pero como se plasmó en páginas precedentes, en nuestro país sería sujeto a ser procesado bajo el Sistema de Responsabilidad Penal para Adolescentes y, eventualmente, condenado a sanción de internamiento en centro de atención especializada por un plazo de hasta cinco (5) años, sin que sea óbice para ello que haya alcanzado la mayoría de edad.

vi) Las profundas diferencias existentes entre los sistemas jurídicos de juzgamiento de menores de edad en ambos países, sumadas a la obligación que tiene el Estado colombiano de someterse a la Convención de los Derechos del Niño, que fue integrada a su ordenamiento jurídico y por ende hace parte del bloque de constitucionalidad, impiden que la Corte emita concepto favorable a la solicitud de extradición para el consecuente juzgamiento en los Estados Unidos de JOSÉ GABRIEL ÁLVAREZ ORTIZ por los hechos plasmados en los cargos Uno y Dos.

---

[4] "proporcionar, directa o indirectamente, un valor pecuniario a cualquier persona y organización que haya participado o participe en actividades terroristas o terrorismo".
[5] Haberse asociado con otras personas para distribuir sustancias que contenían cocaína y sus derivados cuyo destino final sería los Estados Unidos
[6] Se recuerda que el reclamado nació el 23 de julio de 1994.
[7] Ello claro está, con las salvedades que al respecto imponen el cumplimiento de los condicionamientos que sobre tales aspectos emite esta Corporación y que se sujetan, tanto a los instrumentos internacionales de derechos humanos aplicables a las dos naciones, como a lo que dispone sobre el punto la Constitución Política de Colombia.

Hoja No. 7 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

*Conceder la extradición del reclamado por aquellos cargos, con la consecuente autorización de que sea juzgado, como adulto, en ese país, por conductas que pudo cometer siendo menor de edad, implicaría desconocer los mandatos de optimización internacional del interés superior del menor y de la protección de las garantías que el ordenamiento nacional contempla para los niños, niñas y adolescentes[8].*

*Tampoco es posible que la Corte limite el concepto positivo para los cargos Uno y Dos, fijando el marco temporal de los comportamientos a partir del 23 de julio de 2012 (fecha en que alcanzó la mayoría de edad), porque para autorizar la extradición de esa manera, era carga de las autoridades judiciales de la nación requirente exponer con mayor precisión 'el lugar y la fecha en que fueron ejecutados' los hechos objeto de la solicitud. Ello, en aras de evitar la posibilidad de que el reclamado pueda ser juzgado en ese país por conductas cometidas como menor de edad.*

*Y en este caso particular esa exigencia no se suple con los documentos que respaldan la solicitud de extradición, porque la verificación de tales piezas tampoco impide que ÁLVAREZ ORTIZ pueda ser juzgado por la comisión de conductas supuestamente cometidas cuando era menor de edad.*

*Entonces, por los cargos Uno y Dos la Corte emitirá concepto desfavorable.*

***3.4.2.*** *El cargo Tres no genera ninguna discusión. Como se dijo, la autoridad reclamante señaló con suficiencia los actos que determinan el pedido de extradición, así como el lugar y fecha de su ocurrencia, sin que se avizore que los comportamientos allí enlistados hayan sido cometidos por el reclamado como menor de edad, pues en ese sentido el indictment delimitó el marco temporal entre 'el 1º de febrero de 2019, y siguiendo hasta aproximadamente el 22 de marzo de 2019' y la declaración jurada de apoyo a la solicitud de extradición lo fijó en el suceso del 25 de febrero de 2019.*

*Por el cargo Tres la Corte emitirá concepto favorable...".*

Adicionalmente, la H. Corporación señaló:

*"**5. Concepto.***

*Como se verifican parcialmente satisfechas las exigencias constitucionales y legales, la Sala conceptuará de manera **FAVORABLE** a la solicitud de extradición formalizada por el Gobierno de los Estados Unidos de América a través de su Embajada en nuestro país contra JOSÉ GABRIEL ÁLVAREZ ORTIZ, por el*

---

[8] *Sin que para ello sea obstáculo que el gobierno de los Estados Unidos no haya ratificado, a la fecha, la Convención de los Derechos del Niño, pues Colombia, al incorporarla a su ordenamiento interno, debe acatarla.*

Hoja No. 8 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

cargo Tres descrito en la acusación No. 20CR 091[9], dictada el 12 de febrero de 2020 en la Corte de los Estados Unidos para el Distrito Sur de Texas.

Emitirá concepto **DESFAVORABLE** por los cargos Uno y Dos del indictment, porque no se precisó en ellos si fue requerido por la comisión de conductas punibles como menor o como mayor de edad y, en estricto acatamiento de las normas contenidas en la Constitución Política y los tratados internacionales de derechos humanos ratificados por Colombia[10], la minoría de edad se erige, para el caso concreto, como causal de improcedencia de la extradición.

### 5.1. Condicionamientos.

Si el Gobierno Nacional concede la extradición, ha de garantizar al reclamado su permanencia en la nación requirente y el retorno a Colombia en condiciones de dignidad y respeto de ser sobreseído, absuelto, declarado no culpable o eventos similares; incluso, después de su liberación por haber cumplido la pena que le fuere impuesta.

Del mismo modo, le corresponde exigir que el solicitado no sea juzgado por hechos diversos de los que motivaron la solicitud de extradición, cometidos a partir del '1° de febrero de 2019', según se indicó en el cargo Tres por el cual se emite concepto favorable. Tampoco será sometido a sanciones distintas de las impuestas en la eventual condena, ni a penas de muerte, destierro, prisión perpetua o confiscación, desaparición forzada, torturas, tratos crueles, inhumanos o degradantes, según lo previsto en la Constitución Política y los instrumentos internacionales de derechos humanos aplicables.

De igual manera, debe condicionar la entrega de JOSÉ GABRIEL ÁLVAREZ ORTIZ a que se le respeten todas las garantías. En particular, que tenga acceso a un proceso público sin dilaciones injustificadas, se presuma su inocencia, cuente con un intérprete, tenga un defensor designado por él o por el Estado, se le conceda el tiempo y los medios adecuados para que prepare la defensa, presente pruebas y controvierta las que se aduzcan en contra, que su situación de privación de la libertad se desarrolle en condiciones dignas y que la sentencia pueda ser apelada ante un tribunal superior.

Además, no debe ser condenado dos veces por el mismo hecho, ni dársele una denominación jurídica distinta a la misma circunstancia fáctica.

Igualmente, se ha de condicionar su entrega a que el país solicitante, conforme a sus políticas internas sobre la materia, le ofrezca posibilidades

---

[9] También enunciada como caso 4:20-cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5 y Caso No. 4:20-cr-00091-6.
[10] En especial la Convención de los Derechos del Niño incorporada al ordenamiento jurídico colombiano a través de la Ley 12 de 1991.

Hoja No. 9 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

*racionales y reales para que pueda tener contacto regular con sus familiares más cercanos.*

*De la misma manera, el Gobierno, encabezado por el señor presidente de la República como Jefe de Estado, debe efectuar el respectivo seguimiento a las exigencias que se imponen para la concesión de la extradición y determinar las consecuencias que se derivarían de su eventual incumplimiento, al tenor de lo señalado en el ordinal 2° del artículo 189 de la Constitución Política.*

*Finalmente, el tiempo que el reclamado estuvo detenido por cuenta del trámite de extradición deberá serle reconocido como parte cumplida de la posible sanción que se le imponga.*

***5.2.*** *Por lo expuesto, la Sala de Casación Penal de la Corte Suprema de Justicia,* **CONCEPTÚA FAVORABLEMENTE** *a la extradición de JOSÉ GABRIEL ÁLVAREZ ORTIZ, por el cargo Tres contenido en la acusación No. 20CR 091[11], dictada el 12 de febrero de 2020 en la Corte de los Estados Unidos para el Distrito Sur de Texas.*

*Emite* **CONCEPTO DESFAVORABLE** *frente a los cargos Uno y Dos del indictment, por lo expuesto en esta providencia...".*

**7.** Que en atención al concepto mixto emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia, el Gobierno Nacional **concederá la extradición** del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identificado con la cédula de ciudadanía No. 1.091.675.404, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, **únicamente por el Cargo Tres** *(Fabricación y posesión con la intención de distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos, y colaborando e instigando ese delito)* referido en la acusación del caso No. 20 CR 091 (también referido como Caso 4:20.cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5, y Caso No. 4:20-cr-00091-6) dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas y **negará la extradición** del señor **ÁLVAREZ ORTIZ**, por los cargos **Uno** *(Fabricación, distribución y posesión con la intención de distribuir cinco kilogramos o más de cocaína a sabiendas y con la intención de proveer directa e indirectamente, cualquier cosa de valor pecuniario para cualquier persona y organización que ha participado y participa en actividades terroristas y terrorismo)* y **Dos** *(Concierto para distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento y teniendo causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos)*, mencionados en la misma acusación, teniendo en cuenta que para estos dos cargos, la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable para la extradición.

---

[11] *También enunciada como caso 4:20-cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5 y Caso No. 4:20-cr-00091-6.*

Hoja No. 10 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

**8.** Que de acuerdo con la información allegada al expediente se puede establecer que el ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ** no se encuentra requerido por autoridad judicial colombiana y su captura obedece únicamente a los fines del trámite de extradición.

**9.** Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por hechos anteriores y distintos a los cometidos a partir del 1º de febrero de 2019 referidos en el Cargo Tres, por el que se emitió concepto favorable[12] y se autoriza la extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**10.** Que el Gobierno Nacional ordenará la entrega del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ** condicionada al ofrecimiento del compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Al quedar condicionada la entrega, la Fiscalía General de la Nación no podrá poner a disposición del Estado requirente al mencionado ciudadano sino hasta tanto se allegue, por parte del país requirente, el compromiso formal sobre el cumplimiento de estos condicionamientos, para lo cual, tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

**11.** Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

No obstante lo anterior, se advierte que tal y como ha sido costumbre, la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

El Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva

---

[12] Concepto del 24 de marzo de 2021 emitido por la Sala de Casación Penal de la Corte Suprema de Justicia.

Hoja No. 11 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO: Conceder la extradición** del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identificado con la cédula de ciudadanía No. 1.091.675.404, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, **únicamente por el Cargo Tres** *(Fabricación y posesión con la intención de distribuir cinco kilogramos o más de cocaína, con la intención, el conocimiento y teniendo causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos y colaborando e instigando ese delito)* referido en la acusación del caso No. 20 CR 091 (también referido como Caso 4:20.cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5, y Caso No. 4:20-cr-00091-6) dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.

**ARTÍCULO SEGUNDO: Negar la extradición** del ciudadano colombiano **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, por los cargos **Uno** *(Fabricación, distribución y posesión con la intención de distribuir cinco kilogramos o más de cocaína a sabiendas y con la intención de proveer directa e indirectamente, cualquier cosa de valor pecuniario para cualquier persona y organización que ha participado y participa en actividades terroristas y terrorismo)* y **Dos** *(Concierto para distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento y teniendo causa razonable para creer que la cocaína será importada ilegalmente a los Estados Unidos)*, mencionados en la acusación del caso No. 20 CR 091 (también referido como Caso 4:20.cr-00091, Caso No. 4:20-cr-00091-1, Caso No. 4:20-cr-00091-2, Caso No.4:20-cr-00091-4, Caso No. 4:20-cr-00091-5, y Caso No. 4:20-cr-00091-6) dictada el 12 de febrero de 2020, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, teniendo en cuenta que para estos dos cargos, la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable para la extradición.

**ARTÍCULO TERCERO: Ordenar la entrega** del ciudadano **JOSÉ GABRIEL ÁLVAREZ ORTIZ** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Tan pronto se reciba el mencionado compromiso, el Ministerio de Justicia y del Derecho remitirá copia de la decisión y de las garantías ofrecidas a la Fiscalía General de la Nación para que se adelanten las gestiones necesarias y se proceda a la puesta a disposición del Estado requirente de la persona reclamada.

056

Hoja No. 12 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

---

**ARTÍCULO CUARTO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado por hechos anteriores y distintos a los cometidos a partir del 1º de febrero de 2019 referidos en el Cargo Tres, por el que se emitió concepto favorable y se autoriza la extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**ARTÍCULO QUINTO:** Notificar personalmente la presente decisión al interesado, a su representante o apoderado, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en los artículos 67 y 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO SEXTO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, y al Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO SÉPTIMO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderado, o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores, a la Fiscalía General de la Nación y **cúmplase**.

Dada en Bogotá, D.C. a **29 MAR 2021**

EL MINISTRO DE JUSTICIA Y DEL DERECHO

WILSON RUIZ OREJUELA