



When replying please mention this number
MJD-OFI21-0014792-GEX-1100

Bogotá D.C., April 28, 2021

Doctor
**ALEJANDRA VALENCIA GARTNER**
Director of International Legal Affairs
MINISTRY OF FOREIGN AFFAIRS OF COLOMBIA
Carrera 10 No. 5 - 51 Palacio de San Carlos
Extradiciones.cancilleria@cancilleria.gov.co
Bogotá D.C.

Password: eaQnTiLu3T

Matter: Extradition procedure of José Gabriel Álvarez Ortiz

Dear Doctor Valencia:

I respectfully inform you that the National Government, through Executive Resolution No. 056 dated March 29, 2021, a decision that is final, granted the government of the United States of America the extradition of Colombian citizen José Gabriel Álvarez Ortiz under the following terms:

> *"**ARTICLE ONE: To grant the extradition** of Colombian citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identified with citizenship card No. 1.091.675.404, to appear for trial before the authorities of the United States of America **only for Count Three** (Manufacture and possession intending to distribute five kilograms or more of cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be illegally imported into the United States, and aiding and abetting that offense) referred in the indictment in Case No. 20 CR 091 (also known as Case 4:20.cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No.4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6), issued by the United States District Court for the Southern District of Texas on February 12, 2020.*
>
> ***ARTICLE TWO: To deny the extradition** of the citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ** for Counts **One** (Manufacture, distribution, and possession intending to distribute five kilograms or more of cocaine knowingly and with the intention of providing, directly and indirectly, anything of pecuniary value to any person and organization that has participated and participates in terrorist activities and terrorism) and **Two** (Conspiracy to distribute five kilograms or more of cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be illegally imported into the United States) mentioned in the indictment from Case No. 20 CR 091 (also known as Case 4:20.cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No.4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6), issued by the United States District Court for the Southern District of Texas on February 12, 2020, taking into account that for these two charges, the Chamber of Criminal of the Supreme Court issued an unfavorable ruling for the extradition.*

GOVERNMENT
EXHIBIT
4:20-cr-0091
**2**



**ARTICLE THREE: To order the handing over** of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ** to the requesting State under the commitment that it comply with the conditions established in paragraph 2 of article 494 of Law 906 of 2004, that is, that the requested citizen will not be subject to forced disappearance, torture, or to cruel, inhumane, or degrading treatment or punishment, nor to exile, life imprisonment, and forfeiture.

As soon as the aforementioned commitment is received, the Ministry of Law and Justice will send a copy of the decision and the offered guarantees to the Office of the Attorney General to move forward with the necessary steps and make the requested person available to the requesting State.

**ARTICLE FOUR**: To advise the requesting State that the extradited citizen may not be tried for previous acts other than those committed as of February 1, 2019 referred to in Count Three, for which a favorable ruling was issued, and the extradition is authorized. Similarly, it is noted that acts or probative material prior to December 17, 1997 may not be included…"

In accordance with the foregoing, I kindly forward you a copy of the aforementioned administrative ruling in order to inform the requesting country that the National Government granted the extradition of José Gabriel Álvarez Ortiz, but that **he has not yet been made available for the transfer** because his handing over was conditional upon the offering of some guarantees.

With that understanding, I ask you to inform the requesting country that **it must submit a formal commitment as soon as possible** through diplomatic channels regarding compliance with the conditions required by the National Government and that the provisions of paragraph 2 of article 494 of Law 906 of 2004 will be guaranteed, that is, that the requested citizen will not be subject to forced disappearance, torture, or to cruel, inhumane, or degrading treatment or punishment, nor to exile, life imprisonment, and forfeiture.

As soon as the aforementioned commitment is received, this Ministry will send a copy of the respective administrative ruling and the offered guarantees to the Office of the Attorney General so it can make the requested person available to the requesting State

Regards,



# NICOLÁS MURGUEITIO SICARD
Director of International Affairs

The attached pertinent information has 12 pages

Prepared by: MUP [NIE-21- 1063]
Reviewed by: CBP Extradition Group Coordinator
Approved by: DAI

http://vuv.minjusticia.gov.co/Publico/FindIndexWeb?rad=yjCBwbqWcV76YlGnZbdeebCUYHzh6zvczpkHnTtbcZg%3D&cod=jxxfy58sbOHObGHJjO1xfw%3D%3D

**REPUBLIC OF COLOMBIA**



**MINISTRY OF LAW AND JUSTICE**

**RESOLUTION NUMBER 056 DATED**

# MARCH 29, 2021

By which a decision is made on an extradition request

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**
in exercise of the authority granted by Article 491 of Law 906
of 2004, and

**CONSIDERING:**

**1.** That by *note verbale* No. 0569 dated May 8, 2020, the government of the United States of America, through its embassy in Colombia, requested the temporary arrest for extradition purposes of the Colombian citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, who is required to appear on trial for offenses of illegal drug trafficking.

**2.** That, in response to such request, the Attorney General, through a resolution dated May 12, 2020, ordered the capture for extradition purposes of the Colombian citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identified with citizenship card No. 1.091.675.404, which was carried out on September 18, 2020 by members of the National Police's Office of Criminal Investigation and Interpol.

**3.** That through *note verbale* No. 1840 dated November 13, 2020, the embassy of the United States of America in our country formalized the extradition request of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**.

In said note, it is reported that this citizen is the subject of the indictment in Case No. 20 CR 091 (also known as Case 4:20.cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No.4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6), issued by the United States District Court for the Southern District of Texas on February 12, 2020, which is described as follows:

***"INDICTMENT***

*THE GRAND JURY CHARGES THE FOLLOWING:*

Page No. 2 of the Resolution "By which it is decided on an extradition request."

### COUNT ONE
(Narcoterrorism)

At least since January 2000, the exact date being unknown to the grand jury, and continuing until the indictment was issued, the defendants

(…)
and
JOSÉ GABRIEL ÁLVAREZ ORTIZ,
Alias "Alex,"

and other persons unknown to the grand jury and not charged in this document, participated and attempted to participate, knowingly and intentionally, in an activity that affects interstate and international commerce and would be punishable under Title 21, United States Code, Section 841(a), if committed within the jurisdiction of the United States, that is, manufacturing, distributing, and possessing intending to distribute, knowingly and intentionally, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; knowingly and with the intention of providing, directly or indirectly, anything of pecuniary value to any person and organization that has participated and participates in terrorist activities or terrorism, specifically, the Army of National Liberation (ELN), knowing that said persons and organizations have participated and participate in terrorist activities and terrorism, all in violation of Title 21, United States Code, Sections 960a, 841(a)(1), 841(b)(1)(A)(I)(ii), and Title 18, United States Code, Section 2.

### COUNT TWO
(Conspiracy for the international distribution of cocaine)

At least since January 2000, the exact date being unknown to the grand jury, and continuing until the indictment was issued, in Colombia, within the extraterritorial jurisdiction of the United States, the defendants

(…)
and
JOSÉ GABRIEL ÁLVAREZ ORTIZ,
Alias "Alex,"

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the grand jury to manufacture, distribute, and possess with the intention of distributing and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; with the intention or knowing that it would be illegally imported into the United States or having reasonable cause or to believe that the substance would be illegally imported.

In violation of Title 21, United States Code, Sections 963, 959(a), 960(a)(3), and 960(b)(1)(B).

Case 4:20-cr-00091   Document 29-2   Filed on 09/15/21 in TXSD   Page 6 of 15

056

Page No. 3 of the Resolution "By which it is decided on an extradition request."

---

**COUNT THREE**
*(International distribution of cocaine)*

*From on or about February 1, 2019, and continuing until approximately March 22, 2019, in Colombia and within the extraterritorial jurisdiction of the United States, the defendants*

*(…)*
*and*
*JOSÉ GABRIEL ÁLVAREZ ORTIZ,*
*Alias "Alex,"*

*knowingly and intentionally manufactured, possessed with intent to distribute, and distributed a controlled substance, with the intention or knowing that this substance would be imported illegally into the United States, or having reasonable cause to believe that this substance would be illegally imported. This controlled substance included more than 5 kilograms, that is, approximately 30 kilograms of a mixture or substance that contained a detectable amount of cocaine, a Schedule II controlled substance.*

*In violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B) and Title 18, United States Code, Section 2.*

Additionally, the requesting country, in note verbale No. 1840 dated November 13, 2020, stated:

"On February 13, 2020, based on the charges in the indictment, the United States District Court for the Southern District of Texas issued an arrest warrant for the arrest of ÁLVAREZ ORTIZ. The arrest warrant remains valid and executable."

(...)

All the acts completed by the defendant in this case were carried out after December 17, 1997 ... "

**4.** That after formalizing the request for the extradition of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, the Ministry of Foreign Affairs, via the Directorate of International Legal Affairs, through official letter S-DIAJI-20-023953 dated November 13, 2020, stated:

"In accordance with the provisions of our internal criminal procedural law, we inform that it is appropriate to proceed according to the conventions to which the Republic of Colombia and the United States of America are parties.

Page No. 4 of the Resolution "By which it is decided on an extradition request."

---

Once the treaty files of this ministry have been reviewed, it should be noted that the following multilateral conventions on mutual judicial cooperation are in force for the parties:

• The *'United Nations Convention against Illicit Traffic in Narcotic Drugs and Psychotropic Substances,'* signed in Vienna on December 20, 1988[1]. In this regard, article 6, paragraphs 4 and 5 of the aforementioned treaty state the following:

> *'4. The parties that do not make extradition conditional on the existence of a treaty shall recognize the offenses to which this article applies as cases of extradition between them.*
>
> *5. Extradition shall be subject to the conditions provided by the law of the requested party or by applicable extradition treaties, including the reasons on which the requested party may refuse extradition.'*

• The *'United Nations Convention against Transnational Organized Crime,'* adopted in New York on November 27, 2000[2], states the following in its article 16, Paragraphs 6 and 7:

> *'6. The member states that do not make extradition conditional on the existence of a treaty shall acknowledge the offenses to which this article applies as cases of extradition between themselves.*
>
> *7. The extradition shall be subject to the conditions set forth in the domestic law of the requested member state or in the applicable extradition treaties, including, among others, those relating to the requirement of a minimum penalty for extradition and the reasons why the requested member state may refuse extradition.'*

In accordance with the foregoing, and in light of the provisions of articles 491 and 496 of Law 906 of 2004, the aspects not regulated by the aforementioned conventions, the procedure will be governed by the provisions of the Colombian legal system …"

**5.** That having thus upgraded the extradition file of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, the Ministry of Law and Justice, by means of official letter No. MJD-OFI20-0038779-DAI-1100 dated November 23, 2020, forwarded it to the Chamber of Criminal Cassation of the Hon. Supreme Court for the corresponding ruling.

**6.** That the Chamber of Criminal Cassation of the Supreme Court, by means of a ruling on March 24, 2021[3], issued a **favorable ruling** for the extradition of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ solely for Count Three** charged in the indictment of Case No. 20 CR 091 issued by the United States District Court for the Southern District of Texas on February 12, 2020,

---

[1] *Article 3, paragraph 1, subparagraph a.*
[2] *Article 3, paragraph 1, subparagraphs a) or b).*
[3] Filed with the Ministry of Law and Justice on May 10, 2021

Page No. 5 of the Resolution "By which it is decided on an extradition request."

---

and an **unfavorable** ruling for **Counts One and Two**, charged in the same indictment, considering that they did not specify whether the aforementioned citizen was requested for committing acts punishable as a minor or as of legal age and, in strict compliance with the norms in the Constitution and in the international human rights treaties ratified by Colombia, in which being a minor is grounds to the inadmissibility of extradition.

Thus ruled the Hon. Court:

*"However, the Court must make the following considerations regarding Counts One and Two of the indictment issued by the Court for the Southern District of Texas against JOSÉ GABRIEL ÁLVAREZ ORTIZ:*

*3.4.1. The* notes verbale *that support the extradition request state that the requested person, JOSÉ GABRIEL ÁLVAREZ ORTIZ, was born 'on July 23, 1994.' This is also shown in the fingerprints report issued by the National Civil Registry, which was provided by the requesting authority.*

*From those documents it can be deduced that, by the date from which the alleged participation of ÁLVAREZ ORTIZ is accused in the punishable acts listed in Counts One and Two of the indictment, that is, 'at least since January 2000,' the defendant was barely five (5) years old.*

*The time frame in which ÁLVAREZ ORTIZ participated in the acts described in Counts One and Two is of significance for the meaning of the ruling, because an eventual involvement of the defendant in such acts, before July 23, 2012 - the date on which he came of age – leads to the issuance of one of a negative nature, while, as will be seen, the underage status of the person requested in the extradition is therefore, for this specific case, grounds for the inadmissibility of the extradition:*

*(…)*

*The application of this special regulation is mandatory in all cases where the offense is committed by a minor, regardless of whether, as stated**, the defendant reaches legal age.***

*(…)*

*iv) According to the affidavit from the case by the Assistant United States Attorney for the Southern District of Texas, Casey N. MacDonald, JOSÉ GABRIEL ÁLVAREZ ORTIZ was charged by the grand jury of the District Court of Texas that, similarly, issued an arrest warrant against him so that he may appear before that court to be tried for the acts described in the three counts object of the extradition.*

Page No. 6 of the Resolution "By which it is decided on an extradition request."

--------------------------------------------------------------------------------------------------------------------------------

> That official also reports that ÁLVAREZ ORTIZ was charged, in Counts One and Two of the indictment for, 'continuous offenses that allegedly occurred between January 2000 and February 12, 2020' and that have as maximum penalty that of 'life imprisonment ... and supervised release for life.'
>
> In other words, if the extradition of JOSÉ GABRIEL ÁLVAREZ ORTIZ is granted, he will be tried by the Court of the Southern District of Texas as a person of legal age.
>
> v) Faced with the acts attributed to JOSÉ GABRIEL ALVAREZ ORTIZ in Counts One[4] and Two[5] of the indictment, the information provided by the complainant sets the commission of the acts within a time frame that could include his participation in the extraditable events, from five to thirteen years of age (from the year 2000 to 2008)[6], however, in light of article 142 of Law 1098 of 2006, he cannot be tried, much less declared criminally responsible for the events that occurred at that time.
>
> Similarly, the time frame of the foreign charges, in the manner in which it was presented in the extradition request, also implies the possibility that due to the punishable acts that ÁLVAREZ ORTIZ could have committed between the age of fourteen (14) and up to the time before he reached the age of eighteen (18) (from 2008 to July 22, 2012), he could be tried in the United States as an adult and possibly sentenced to life imprisonment or supervised release.[7]
>
> But as it was shown in previous pages, in our country he would be subject to being processed under the Penal Responsibility System for Adolescents and, eventually, sentenced to internment in a specialized care center for a period of up to five (5) years, without it being an impediment that he has reached legal age.
>
> vi) The significant differences between the legal systems from both countries for judging minors, added to the obligation of the Colombian State to comply with the Convention on the Rights of the Child, which was integrated into its legal system and is therefore part of its constitutionality, prevent the Court from issuing a favorable ruling to the extradition request for the upcoming trial in the United States of JOSÉ GABRIEL ÁLVAREZ ORTIZ for the acts states in Counts One and Two.

---

[4] *"providing, directly and indirectly, anything of pecuniary value to any person and organization that has participated and participates in terrorist activities and terrorism."*
[5] *Conspired with other persons to distribute substances containing cocaine and its derivatives whose final destination would be the United State.*
[6] *It is reminded that the accused was born on July 23, 1994.*
[7] *This is clear, with the exceptions that in this regard impose compliance with the conditions issued by this Court on such matters and which are subject to both international human rights instruments applicable to both countries, as well as to what the provisions in Colombia's constitution determine.*

Case 4:20-cr-00091   Document 29-2   Filed on 09/15/21 in TXSD   Page 10 of 15

Page No. 7 of the Resolution "By which it is decided on an extradition request."

------------------------------------------------------------------------------------------------------------------------------

> *To grant the extradition of the requested person for those charges, with the corresponding authorization for him to be tried as an adult in that country for acts that he may have committed as a minor, would imply disregard for the international optimization mandates of the minor's best interests and the protection of the guarantees that the national legislation provides for boys, girls and adolescents.[8]*
>
> *Nor is it possible for the Court to limit the positive ruling for Counts One and Two by setting the time frame for the acts as of July 23, 2012 (the date on which he reached legal age), because in order to authorize the extradition that way, it was the responsibility of the judicial authorities of the requesting nation to state with greater precision 'the place and date' on which the acts that are object of the request 'were carried out.' This, in order to avoid the possibility that the defendant could be tried in that country for acts committed as a minor.*
>
> *And in this particular case, this requirement is not supplemented by the documents that support the extradition request, because the verification of such documents does not prevent ÁLVAREZ ORTIZ from being tried for the commission of acts allegedly committed when he was a minor.*
>
> *Then, for Counts One and Two, the Court will issue an unfavorable ruling.*
>
> ***3.4.2.** There are no arguments with Count Three. As mentioned previously, the requesting authority sufficiently detailed the acts that determine the extradition request, as well as the place and date of their occurrence, without it being seen that the acts listed there have been committed by the defendant as a minor, since in that sense the indictment gave a time frame between 'February 1, 2019, and continuing until approximately March 22, 2019,' plus the affidavit in support of request for extradition set it on the event dated February 25, 2019.*
>
> *For charge Three, the Court will issue a favorable ruling ..."*

Additionally, the Hon. Court stated:

> **"5. Ruling.**
>
> *As the constitutional and legal requirements are verified as partially satisfied, the Chamber will consider in a **FAVORABLE** manner the request for extradition formalized by the government of the United States of America through its embassy in our country of JOSÉ GABRIEL ÁLVAREZ ORTIZ, for Count Three*

---

[8] *Without this being an obstacle that the United States government has not ratified the Convention on the Rights of the Child to date, since Colombia, by incorporating it into its domestic legislation, must abide by it.*

Case 4:20-cr-00091 Document 29-2 Filed on 09/15/21 in TXSD Page 11 of 15

056

Page No. 8 of the Resolution "By which it is decided on an extradition request."

---

described in indictment No. 20CR 091[9], issued by the United States District Court for the Southern District of Texas on February 12, 2020.

It will issue an **UNFAVORABLE** ruling for Counts One and Two of the indictment, because they did not specify whether the commission of the acts was punishable as a minor or as an adult and, in strict compliance with the norms in the Constitution and international human rights treaties ratified by Colombia[10], being a minor becomes, for the specific case, grounds of inadmissibility of the extradition.

**5.1. Conditions.**

If the National Government grants extradition, it will be required to guarantee his stay in the requesting country and his return to Colombia in dignified and respectful conditions should he be dismissed, acquitted, found innocent, or in similar situations that lead to his freedom, even after his release for having served the sentence that was given to him.

Similarly, it should demand that the requested person not be tried for different acts than those that caused the extradition request, committed as of 'February 1, 2019,' as stated in Count Three, for which a favorable ruling was issued. Nor will he be subject to penalties other than those imposed in the eventual conviction, nor to capital punishment sentences, exile, life imprisonment or forfeiture, forced disappearance, torture, cruel, inhuman or degrading treatment, as provided in the Constitution and international instruments of applicable human rights.

In the same way, it must condition the delivery of JOSÉ GABRIEL ÁLVAREZ ORTIZ to have all the guarantees respected. In particular, that he has access to a public trial without undue delay, is presumed innocent, has an interpreter, has a defender appointed by him or by the State, is granted the time and adequate means to prepare his defense, to present evidence and to contest any against him, that his situation of being deprived of freedom takes place in dignified conditions, and that the sentence can be appealed before a higher court.

Furthermore, he must not be convicted twice for the same act, nor a different legal term should be given for the same act.

Likewise, his delivery must be conditional upon the requesting country, in

---

[9] Also known as case 4:20-cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No. 4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6.
[10] In particular, the Convention on the Rights of the Child, incorporated into the Colombian legal system through Law 12 of 1991.

Case 4:20-cr-00091 Document 29-2 Filed on 09/15/21 in TXSD Page 12 of 15

056

Page No. 9 of the Resolution "By which it is decided on an extradition request."

---

*accordance with its internal policies on the matter, offering him sensible and practical possibilities of having regular contact with his closest relatives.*

*Similarly, the government, headed by the President of the Republic as Head of State, must carry out the respective monitoring of the demands that are imposed for the granting of the extradition and determine the consequences that would arise from its eventual non-compliance, in accordance with the provisions of the 2nd ordinal number of article 189 of the Constitution.*

*Finally, the time that the defendant was in custody during the extradition process must be acknowledged as a completed part of the possible sentence.*

***5.2.** Therefore, the CHAMBER OF CRIMINAL CASSATION OF THE SUPREME COURT, **RULES FAVORABLY** on the extradition of JOSÉ GABRIEL ÁLVAREZ ORTIZ for Count Three in indictment No. 20CR 091[11], issued by the United States District Court for the Southern District of Texas on February 12, 2020.*

*It issues an **UNFAVORABLE RULING** regarding Counts One and Two of the indictment, for what is stated in this ruling ..."*

**7.** That in response to the mixed ruling issued by the Chamber of Criminal Cassation of the Hon. Supreme Court, the National Government **will grant the extradition** of the Colombian citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identified with citizenship card No. 1.091.675.404 to appear for trial before the authorities of the United States of America for, **solely for Count Three** *(Manufacture and possession intending to distribute five kilograms or more of cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be illegally imported into the United States, and aiding and abetting that offense)* referred in the indictment in Case No. 20 CR 091 (also known as Case 4:20.cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No.4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6), issued by the United States District Court for the Southern District of Texas on February 12, 2020, and will **deny the extradition of Mr. JOSÉ GABRIEL ÁLVAREZ ORTIZ** for Counts **One** *(Manufacture, distribution, and possession intending to distribute five kilograms or more of cocaine knowingly and with the intention of providing, directly and indirectly, anything of pecuniary value to any person and organization that has participated and participates in terrorist activities and terrorism)* and **Two** *(Conspiracy to distribute five kilograms or more of cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be illegally imported into the United States)* mentioned in the same indictment, taking into account that for these two charges, the Chamber of Criminal Cassation of the Supreme Court issued an unfavorable ruling for extradition.

---

[11] *Also known as case 4:20-cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No. 4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6.*

Case 4:20-cr-00091   Document 29-2   Filed on 09/15/21 in TXSD   Page 13 of 15

Page No. 10 of the Resolution "By which it is decided on an extradition request."

---

**8.** That according to the information attached to the file, it can be determined that citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ** is not wanted by the Colombian judicial authorities and his detention is solely for the purposes of the extradition process.

**9.** That the National Government, in accordance with the provisions of the first paragraph of Article 494 of Law 906 of 2004, must demand from the government of the United States of America that the requested citizen not be tried for previous acts other than those committed as of February 1, 2019 referred to in Count Three, for which a favorable ruling was issued[12] and the extradition was authorized. Similarly, it is noted that acts or probative material prior to December 17, 1997 may not be included.

**10.** That the National Government will order the handing over of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ** conditional upon the offer of the requesting State's commitment to comply with the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen will not be subject to forced disappearance, torture or to cruel, inhumane, or degrading treatment or punishment, nor to exile, life imprisonment, and forfeiture.

As the delivery is conditional, the Attorney General's Office will not be able to make the aforementioned citizen available to the requesting State until the requesting country makes a formal commitment to comply with these conditions, for which, as soon as the aforementioned commitment is received, the Ministry of Law and Justice will send a copy of the decision and of the offered guarantees to the Attorney General's Office so that the necessary procedures can be carried out and the requested person be made available to the requesting State.

**11.** That the requested citizen has the right to have acknowledged by the requesting State for the time that he was detained during the extradition process, and to certify this situation, he may request the corresponding records from the Attorney General's Office, as it is the corresponding entity for these purposes.

Notwithstanding the foregoing, it is noted that, as has been customary, the Directorate of International Affairs of the Attorney General's Office sends the certification of the requesting citizens' detention time during the extradition process to the Directorate of Migratory, Consular Affairs, and Citizen Services of the Ministry of Foreign Affairs, so that the corresponding consul is made aware of the situation.

The National Government, through the Ministry of Law and Justice, will send a copy of the current decision to the Directorate of Migration, Consular Affairs, and Citizen Services of the Ministry of

---

[12] Ruling issued by the Chamber of Criminal Cassation of the Supreme Court on March 24, 2021.

Case 4:20-cr-00091   Document 29-2   Filed on 09/15/21 in TXSD   Page 14 of 15

Page No. 11 of the Resolution "By which it is decided on an extradition request."

---

Foreign Affairs for the purposes described in Presidential Directive No. 07 of 2005, and in the ruling of the Hon. Supreme Court.

In view of the above,

**DETERMINES:**

**ARTICLE ONE: To grant** the extradition of the Colombian citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ**, identified with citizenship card No. 1.091.675.404 to appear for trial before the authorities of the United States of America **solely for Count Three** *(Manufacture and possession intending to distribute five kilograms or more of cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be illegally imported into the United States, and aiding and abetting that offense)* referred in the indictment in Case No. 20 CR 091 (also known as Case 4:20.cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No.4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6), issued by the United States District Court for the Southern District of Texas on February 12, 2020

**ARTICLE TWO: To deny the extradition** of the citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ** for Counts **One** *(Manufacture, distribution, and possession intending to distribute five kilograms or more of cocaine knowingly and with the intention of providing, directly and indirectly, anything of pecuniary value to any person and organization that has participated and participates in terrorist activities and terrorism)* and **Two** *(Conspiracy to distribute five kilograms or more of cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be illegally imported into the United States)* mentioned in the indictment from Case No. 20 CR 091 (also known as Case 4:20.cr-00091, Case No. 4:20-cr-00091-1, Case No. 4:20-cr-00091-2, Case No.4:20-cr-00091-4, Case No. 4:20-cr-00091-5, and Case No. 4:20-cr-00091-6), issued by the United States District Court for the Southern District of Texas on February 12, 2020, taking into account that for these two charges, the Chamber of Criminal Cassation of the Supreme Court issued an unfavorable ruling for the extradition.

**ARTICLE THREE: To order the handing over** of citizen **JOSÉ GABRIEL ÁLVAREZ ORTIZ** to the requesting State under the commitment that it complies with the conditions established in the second paragraph of article 494 of Law 906 of 2004, that is, that the requested citizen will not be subject to forced disappearance, torture, or to cruel, inhumane, or degrading treatment or punishment, nor to exile, life imprisonment, and forfeiture.

As soon as the aforementioned commitment is received, the Ministry of Law and Justice will send a copy of the decision and the offered guarantees to the Office of the Attorney General to move forward with the necessary steps and make the requested person available to the requesting State.

Case 4:20-cr-00091   Document 29-2   Filed on 09/15/21 in TXSD   Page 15 of 15

Page No. 12 of the Resolution "By which it is decided on an extradition request."

---

**ARTICLE FOUR**: To advise the requesting State that the extradited citizen may not be tried or sentenced for acts prior to and different from the ones committed as of February 1, 2019 referred to in Count Three, for which a favorable ruling was issued and the extradition was authorized. Similarly, it is noted that acts or probative material prior to December 17, 1997 may not be included.

**ARTICLE FIVE:** To personally notify this decision to the interested party, his representative or attorney, or to the person duly authorized by the interested party to notify him, letting him know that the appeal for reconsideration proceeds, which he may file in writing in the file or within ten (10) days following its notification, in accordance with the provisions of articles 67 and 76 of the Code of Administrative Procedure and Administrative Litigation.

**ARTICLE SIX:** Once this resolution is executed, send a copy of it to the Directorate of International Legal Affairs and to the Directorate of Migration Affairs, Consular, and Citizen Services of the Ministry of Foreign Relations, and to the Attorney General, for their corresponding duties.

**ARTICLE SEVEN:** This resolution is in force from the date of its execution.

**Publish** in the Official Gazette, notify the requested citizen or his attorney, or to the person duly authorized by the interested party to be notified, **contact** the Ministry of Foreign Affairs, the Attorney General's Office, and **so it is ordered**.

Given in Bogotá, D.C. on **March 29, 2021**

*[signature]*

MINISTER OF LAW AND JUSTICE

*[signature]*
WILSON RUIZ OREJUELA